UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In re: | : | Chapter 13 |
|---|---|---|
| | : | |
| **Christine Diane Benio,** | : | Case No. 5:21-02096-MJC |
| | : | |
| Debtor. | : | |

# O P I N I O N

The matters before the Court are confirmation of the First Amended Chapter 13 Plan ("Plan"), Dkt. # 40, and the Motion for Relief from Automatic Stay ("Stay Relief Motion") filed by the Lackawanna County Tax Claim Bureau, Dkt. # 32. For the reasons stated below, the objections will be sustained, confirmation of the Plan will be denied, and the Stay Relief Motion will be granted.

## I. PROCEDURAL HISTORY

The debtor Christine Benio ("Debtor") filed the above-captioned Chapter 13 bankruptcy case on September 23, 2021. Shortly thereafter, the Debtor moved to extend the automatic stay pursuant to 11 U.S.C. §362(c)(3)(B) ("Extend Stay Motion"). The Debtor stated that she filed both the current and the prior bankruptcy case to save her residence located at 260 Colvin Road, Dalton, Pennsylvania ("Property") from tax sale. The Lackawanna Trail School District ("School District") opposed the Extend Stay Motion and the Court conducted an evidentiary hearing. Based upon the testimony and documentary evidence presented, the Court extended the automatic stay as to all creditors except the School District. See Order, dated October 15, 2021, Granting in Part and Denying in Part Motion to Extend Automatic Stay ("October 15th Order"); Dkt. # 21.

The Lackawanna County Tax Claim Bureau filed its Stay Relief Motion on January 18, 2022 and a hearing was scheduled for February 17, 2022. Dkt. # 32. At the February 17th hearing, the Debtor and Lackawanna Co. agreed to allow Lackawanna Co. to notice the Property for the upcoming September upset tax sale but continued the hearing on the merits to March 29, 2022, the date scheduled for confirmation on the Debtor's Plan.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016. These matters are core proceedings pursuant to 28 U.S.C. §157(b)(2)(A), (G), and (L). Venue is proper pursuant to 28 U.S.C. §1409(a).

## III. LEGAL STANDARDS

### A. Relief from the Automatic Stay

Generally, upon the filing of a bankruptcy petition, the protections of §362(a) are triggered and operate as an automatic stay against certain actions. Section 362(d) affords creditors the opportunity to seek relief from the stay once certain grounds are established.

Section 362(d) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> > > (A) the debtor does not have an equity in such property; and

> (B) such property is not necessary to an effective reorganization….

A party seeking relief under §362(d) bears the burden of proof on the issue of equity in the property; the debtor bears the burden of proof on all other issues. <u>In re Kane</u>, 27 B.R. 902 (Bankr. M.D. Pa. 1983).

    **B.**    <u>**Confirmation of a Chapter 13 Plan**</u>

Section 1325(a) governs confirmation of a Chapter 13 Plan, setting out specific requirements in order for a plan to be confirmed.

> To achieve confirmation, the court must find that the chapter 13 plan: was proposed in good faith; complies with the Code; is feasible; and provides certain baseline treatment for secured and unsecured creditors. Additionally, the Debtor must: have commenced the case in good faith, have paid any outstanding filing fees, have filed all tax returns required by section 1308; and be current on any postpetition domestic support obligations.

<u>In re Roebuck</u>, 618 B.R. 730, 732 (Bankr. W.D. Pa. 2020) (footnotes omitted). A party objecting to confirmation of the plan bears the initial burden to come forward with evidence in support of the objection. <u>In re Lafferty</u>, 2019 WL 10431875, at *3 (Bankr. M.D. Pa. Dec. 16, 2019); <u>In re Plevyak</u>, 599 B.R. 786, 788 (Bankr. M.D. Pa. 2019). If that burden is met, then the burden shifts to the debtor. As the proponent of the plan, the debtor holds the ultimate the burden of proof based upon a preponderance of the evidence to establish that the plan meets all of the §1325(a) requirements. <u>Id.</u>

Particularly relevant here is §1325(a)(7) which requires that "the action of the debtor in filing the petition was in good faith." Courts employ varying tests with respect to §1325(a)(7),[1] but generally agree that good faith should be determined based on a totality of the circumstances. See e.g., In re Young, 2013 WL 6223831 (Bankr. M.D. Pa. Dec. 2, 2013); In re Rodriguez, 487 B.R. 275, 283 (Bankr. D.N.M. 2013); In re Jongsma, 402 B.R. 858, 876 (Bankr. N.D. Ind. 2009). Courts in the Third Circuit apply the standard under §1307(c) for dismissal or conversion of a case. See e.g., In re Demeza, 567 B.R. 473, 477 (Bankr. M.D. Pa.), aff'd sub nom. Hackerman v. Demeza, 576 B.R. 472 (M.D. Pa. 2017); In re Young, 2013 WL 6223831, at *7 (Bankr. M.D. Pa. Dec. 2, 2013); In re Dahlgren, 418 B.R. 852, 857 (Bankr. D. N.J. 2009). The Third Circuit in In re Lilley stated that the analysis should take into consideration:

> the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996) (quoting In re Love, 957 F.2d 1350, 1357 (7th Cir. 1992)).

IV. **DISCUSSION**

Lackawanna Co. and the School District (collectively, "Taxing Authorities") lodged objections to the Plan, asserting substantially similar grounds opposing confirmation based upon §1325(a)(3), (5), (6), and (7).[2] The Taxing Authorities allege that the Debtor owes over

---

[1] As noted by the Court in In re Powers, 554 B.R. 41, 58-59 (Bankr. N.D.N.Y. 2016), some courts have utilized various multifactor tests under §1307(c) or analyses similar to determining good faith under §1325(a)(3).

[2] Because the Court concludes, as set forth below, that the petition was filed not in good faith, it is unnecessary to consider the objections based upon §1325(a)(3), (5) and (6).

$411,999.00 in unpaid property taxes which are in arrears dating back to 1998. The Debtor has filed ten (10) previous bankruptcy cases, all of which have been unsuccessful and dismissed on various grounds. The Taxing Authorities assert that confirmation of the Plan should be denied because the Plan: (1) has not been proposed in good faith; (2) violates §1325(a)(5) as the holders of secured claims have not accepted the Plan; (3) is not feasible as the Debtor has insufficient income to make payments under the Plan; and, (4) proposes a cramdown of government liens which is to be accomplished via an adversary proceeding and which the governmental entities oppose. The Taxing Authorities lastly argue that confirmation must be denied pursuant to §1325(a)(7) because the petition was filed not in good faith. They rely on the Court's findings from the October 15th Order. They contend that the case should be dismissed or converted to Chapter 7.

The Debtor's Plan proposes to pay a base amount of $137,00.00 over 60 months. The initial payment of $600.00 per month continues until June 2023 when the payment steps up to $3,140.00 per month.[3] The Debtor proposes to cramdown the Taxing Authorities' claim to $72,945.46, through the Plan and an adversary proceeding (A 22-04). The Debtor contends that the value of the Property is $90,000.00.[4]

---

[3] Other than vague and unsubstantiated representations that the Debtor will qualify for social security benefits in the near future, there is nothing in the record to support this substantial "step up" payment. Therefore, feasibility under §1325(a)(6) is questionable given this lack of evidentiary support.

[4] The Debtor's Schedule A/B lists the Property with a value of $120,000.00. The Debtor appears to have obtained an appraisal of the Property of $90,000.00, which is attached as an exhibit to the Debtor's complaint in A 22-04.

The Debtor's Schedules I & J show a net monthly income $601.98.[5] The Debtor's income is currently comprised of wages from her employment as a home health aide, rental income, and her prorated income tax refund. The Debtor indicated that her income will increase once she reaches full retirement age and she elects to begin receiving social security benefits.[6]

As discussed above, this Court held an evidentiary hearing on the Extend Stay Motion and determined that the Debtor had failed to sustain her burden to establish that she had filed this bankruptcy case in good faith. The Taxing Authorities did not present evidence on this issue at confirmation and seek to rely on the Court's findings in the October 15th Order. These findings however, are not preclusive due to the heightened burden the Debtor faced on the Extend Stay Motion. See In re Tomasini, 339 B.R. 773, 781 (Bankr. D. Utah 2006) (holding where debtor faces clear and convincing evidence standard for motion to extend stay, denial of motion does not bar confirmation of chapter 13 plan). On the Extend Stay Motion, the Debtor was required to rebut the presumption that her case was filed not in good faith by clear and convincing evidence. See §362(c)(3)(C). In contrast, the Debtor's evidentiary burden as to good faith under §1325(a)(3) and (7) is a preponderance of the evidence standard. Lafferty, 2019 WL 10341875

---

[5] The Debtor is no longer relying on the possible mining proceeds to fund the Plan. The Debtor testified at the October 14th hearing that her brother had engaged in preliminary talks with Wayco Mining to possibly conduct hard rock mining on the Property which could potentially yield income of $4,000 - $5,000 per month. However, it was established that the Property could not be mined until the outstanding taxes were paid. Therefore, this is not a reliable source for funding of the Plan.

[6] During a colloquy with the Court, the Debtor's Counsel stated that he was unable to ascertain the amount of social security benefits that the Debtor would receive. Therefore, no documentary or testimonial evidence was presented on this issue. The Court notes that the social security income was raised at the October 14th hearing with the Court declining to give much weight to this source of funding because no particulars as to amount, timing, etc., were presented at the hearing.

at *3; In re Colston, 539 B.R. 738, 746 (Bankr. W.D. Va. 2015). Thus, the Court must consider the issue on the lesser burden.

During March 29th confirmation hearing, neither the Debtor nor the Taxing Authorities presented any additional evidence. Since neither side supplemented the evidentiary record, the Court will rely on the evidence presented in connection with the Extend Stay Motion.

Including the current case, the Debtor filed eleven (11) bankruptcy cases since 2001:[7]

| **Bky. Case No.[8]** | **Date Filed** | **Date Dismissed** | **Reason for Dismissal** |
| --- | --- | --- | --- |
| 01-03635-JJT | 9/4/2001 | 5/10/2002 | Material Default in Plan Payments |
| 03-52358-JJT | 5/12/2003 | 11/6/2003 | Material Default in Plan Payments |
| 04-53768-JJT | 7/26/2004 | 1/26/2005 | Material Default in Plan Payments |
| 06-50129-JJT | 2/13/2006 | 1/30/2007 | Material Default in Plan Payments |
| 09-07298-JJT | 9/21/2009 | 4/1/2010 | Material Default in Plan Payments |
| 10-07643-JJT | 9/19/2010 | 10/25/2010 | Debtor's Voluntary Dismissal |
| 11-06551-JJT | 9/24/2011 | 11/9/2011 | Failure to File Information |
| 17-03924-JJT | 9/22/2017 | 3/7/2018 | Material Default in Plan Payments |
| 18-03975-JJT | 9/21/2018 | 11/8/2018 | Failure to File Information |
| 19-04159-RNO | 9/27/2019 | 11/4/2020 | Failure to File Amended Plan |
| 21-2096-MJC | 9/23/2021 | N/A | N/A |

---

[7] A bankruptcy judge may take judicial notice of his or her own docket. In re Harmony Holdings, LLC, 393 B.R. 409, 419 (Bankr. D.S.C. 2008); In re Paolino, 1991 WL 284107, at *12 (Bankr. E.D. Pa. Jan. 11, 1991).

[8] All of her prior cases were filed under Chapter 13, exclusive of Case No. 11-06551 which was filed under Chapter 7.

7

During her testimony on October 14, 2021, the Debtor candidly admitted that the 2019 and 2021 cases were filed to stop the upset tax sale of the Property. October 14, 2021 Transcript at 10:53.[9] She later admitted that she has filed bankruptcy "nine or ten" other times to save the Property from tax sale.[10] Id. at 10:56. Despite paying off a vehicle loan in April 2021, which freed up approximately $812.00 of monthly income, she did not make any payments from April to September 2021 on the outstanding arrears (prior to the filing of the current case). Id. at 10:54. She further indicated that she had not made any payments to the Taxing Authorities for at least two years. Id.

Considering the Lilley factors stated above and based on the Debtor's prior serial filing history, the stated purpose for the filings, and the lack of any attempt to make any significant payments on the tax arrears, the Court finds that the Debtor has abused the bankruptcy system to evade payment to the Taxing Authorities and shield her Property from tax sale. Thus, for purposes of §1325(a)(7), the Court finds that the action of the Debtor in filing this petition was not in good faith.

Given these conclusions, the objections of the Taxing Authorities must be sustained and confirmation of the Plan will be denied. Because the Court concludes that the petition was filed not in good faith, §1325(a)(7) is not satisfied and therefore, the Debtor cannot confirm a plan. See In re McCreary, 2009 WL 5215587 (Bankr. C.D. Ill. Dec. 29, 2009) (noting that determination that petition has not been filed in good faith would likely result in dismissal); In re

---

[9] The October 14, 2021 hearing was not transcribed, therefore, the Court will refer to the time stamp of the audio recording of the hearing.

[10] The October 15th Order incorrectly stated that no evidence was presented on the purpose of the previous filings. The Court has reviewed the audio transcript and has now corrected the misstatement that no evidence was presented on the issue. The Debtor unequivocally stated that the purpose of the bankruptcy filings was to stop the tax sales of the Property.

8

Case 5:21-bk-02096-MJC    Doc 47    Filed 04/08/22    Entered 04/11/22 08:24:13    Desc
Main Document    Page 8 of 9

Manno, 2009 WL 236844, at *7 (Bankr. E.D. Pa. Jan. 30, 2009) ("I note that if a lack of good faith in filing a chapter 13 petition mandates a denial of confirmation, it would appear that this defect would be irremediable. If so, a chapter 13 case in which the debtor is unable to confirm any plan warrants dismissal under section 1307(c)") (dicta). The Debtor will have fourteen days to convert or voluntarily dismiss this case.

Based on the above findings, the Court further concludes that the abusive filings and inability to confirm a Chapter 13 plan constitute "cause" under §362(d)(1). Accordingly, Lackawanna Co.'s Stay Relief Motion will be granted.

## V. CONCLUSION

For the reasons set forth above, and after considering the totality of the circumstances, the Court finds that the Debtor's bankruptcy filing was in bad faith and therefore, she has not sustained her burden of establishing that the Plan fulfills all of the requirements under §1325(a). Further, the bad faith filing and inability to confirm a Chapter 13 plan constitute "cause" for granting Lackawanna Co. relief from the automatic stay.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: April 8, 2022